a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUSLAN SARALIEV,<br>Petitioner | CIVIL DOCKET NO. 1:26-CV-00609<br>SEC P |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Ruslan Saraliev ("Saraliev"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He seeks release from detention.

Because there is no significant likelihood of removal in the reasonably foreseeable future, the Petition should be GRANTED.

I.    Background

Saraliev is a native and citizen of Russia. He entered the United States on December 29, 2023, where he sought asylum, withholding of removal, and protection under the Convention Against Torture. ECF No. 1 at 1-2; 9-1 at 1. ICE immediately took Petitioner into custody, and he has remained detained since that date. *Id.*

On August 9, 2024, an Immigration Judge ordered Saraliev removed to Russia, but granted him withholding of removal. Both Saraliev and the Department of Homeland Security ("DHS") appealed the Immigration Judge's decision. On August

1

25, 2025, the Board of Immigration Appeals dismissed both appeals, rendering the removal order administratively final.  ECF No. 9 at 1, 3; 9-1 at 1.

Because Saraliev received withholding of removal to Russia, he cannot be removed to that country.  Enforcement and Removal Operations ("ERO") referred Saraliev's case to ICE Headquarters's Removal Division on September 30, 2025, requesting assistance in locating a third country willing to accept him.  At that time, however, "[n]o specific country was identified."  ECF No. 9-1 at 2.

According to the declaration of Acting Assistant Field Office Director James Humphries ("Humphries"), the Removal Division works with the Department of State to secure travel documents for third-country removals. ERO sought updates from Headquarters on November 21, 2025, and again on March 11, 2026, but received only confirmation that Headquarters continued "searching" for a third-country removal option.  ECF No. 9-1 at 2.

## II.    Law and Analysis

### A.    The Court has jurisdiction.

The Government contends that 8 U.S.C. § 1252(g) deprives this Court of jurisdiction because Saraliev challenges the execution of his removal order. That argument lacks merit.

Saraliev does not seek review of his final order of removal, challenge the Immigration Judge's withholding determination, or request that this Court prevent DHS from removing him to any country authorized by law.  Rather, he challenges only the legality of his continued detention under 8 U.S.C. § 1231(a)(6).

The Supreme Court expressly recognized in *Zadvydas v. Davis,* 533 U.S. 678 (2001), that § 2241 remains available to challenge post-removal-order detention. Nothing in § 1252(g) eliminates that traditional habeas jurisdiction. Accordingly, the Court has jurisdiction to determine whether Saraliev's continued detention remains authorized under § 1231(a)(6).

**B.**     **There is no significant likelihood of removal in the reasonably foreseeable future.**

After an alien is ordered removed, the Government has 90 days within which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, Section 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Saraliev's removal order became final on August 25, 2025. He has been detained beyond the presumptively reasonable period, so the presumption of

3

reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by,* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Saraliev has satisfied his initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. He identifies a specific barrier to removal in that he was granted withholding of removal to Russia, his only country of citizenship. *See Altayb*, 2026 WL 550093 *3 (collecting cases). Additionally, Saraliev has now been detained for two years and six months, including 10 months after his removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Saraliev will be deported in the reasonably foreseeable future. The Government presents the Humphries Declaration, which confirms that zero requests have been made for travel documents to any third country. ECF No. 9-1. In fact, the Government has not yet identified a single country to which it could potentially send Saraliev. It is no closer to removing Saraliev now than it was when his order became final. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28,

2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Saraliev is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02. The record before the Court establishes that Saraliev has been in post-removal order detention for almost one year despite having withholding to the only country to which he could readily be removed. And no other country has been identified or contacted. It follows that the likelihood of Saraliev being removed in the reasonably foreseeable future is certainly not significant. The Government has failed to meet its burden to refute that assertion. Accordingly, Saraliev's continued detention violates the Due Process Clause, as explained in *Zadvydas*.

## III. Conclusion

Because Saraliev's continued detention is unlawful, IT IS RECOMMENDED that the Petition be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 29, 2026.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE